UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA.,           :
                                     :
            *- against -*               :    No. 1:11-cr-01023 (PAC)
                                     :
ALFREDO GARCIA LUVIANO,              :    **OPINION & ORDER**
                                     :
               *Defendant.*         :
------------------------------------------------------------X

Defendant Alfredo Garcia Luviano moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). He asserts that he is entitled to relief due to his health in light of the COVID-19 pandemic, his age, the conditions of his incarceration (both in the United States and Mexico), and his rehabilitation. The Government opposes the motion.

The Court finds that Luviano has failed to establish the extraordinary and compelling reasons on which he bears the burden of proof; accordingly, Luviano's motion is **DENIED**, without prejudice to its renewal should his health or the conditions at his prison facility materially worsen.

## BACKGROUND

Luviano was arrested in Mexico on February 16, 2013, and detained in a jail known for its substandard conditions: "El Hermosillo Sonora." (*See* Presentence Investigation Report ("PSR"), ECF No. 36 ¶ 5.) He was confined in a two-prisoner cell with five other inmates for 24 hours per day, slept on the floor since there was not enough bedding, had no contact with his family for one year, and routinely suffered physical abuse by prison guards. (*See id.*) Luviano was extradited to the United States on February 7, 2015, and has been detained by the U.S. Bureau of Prisons ("BOP") since his extradition. (*See id.* ¶ 7.)

1

Luviano pled guilty, on October 11, 2016, to one count of conspiracy to import and distribute cocaine and methamphetamine into the United States. (PSR ¶ 1.) His sentencing guidelines range was 235 to 293 months imprisonment, with a mandatory minimum of 120 months. (*Id.* ¶ 82.) During Luviano's sentencing, this Court acknowledged his age (56 at the time), his good character, the positive aspects of his life including the needs of his children and his family, his two-year incarceration in Mexico, and the harsh conditions during his time served before his sentencing. (*See* Sent'g Tr., ECF No. 47, at 14:14–22, 15:11–21.) However, Luviano's role in the conspiracy was "serious." (*Id.* at 9:3.) He would "receive materials from the cartel, he'd package them, and then secrete them in vehicles that would cross the border for drug distribution here in the United States." (*Id.* at 8:22–25.) He was tied to at least six specific seizures of narcotics totaling more than 46 kilograms of methamphetamine and more than 12 kilograms of cocaine. (*See* PSR ¶ 12.) Ultimately, the Court sentenced Luviano to a term of 180 months imprisonment—an adjustment downward of 55 months from the lower end of his guidelines range—followed by five years of supervised release. (*See* Sent'g Tr. 15:25–16:8.)

Luviano is currently serving his sentence at FCI Edgefield in South Carolina. He has served approximately 109 months of his sentence, and he has earned more than 14 months of Good Time Credit. (*See* Def.'s MOL, ECF No. 60, at 13.)

Luviano is 61 years old and suffers from multiple underlying medical conditions, including hyperlipidemia (high cholesterol), hypertension, obesity, chronic knee pain, and a benign growth in his prostate. (*See* Def.'s MOL, Ex. A, ECF No. 60-1, at 4.) He is fully vaccinated, does not claim to have contracted COVID-19 while in BOP custody, and is being regularly tested all while receiving treatment for his medical conditions. (*Id.*)

On November 12, 2021, Luviano submitted a *pro se* motion seeking a sentence reduction in light of the COVID-19 pandemic. (*See* ECF No. 57.) Shortly thereafter, he was appointed counsel to assist in his motion, and defense counsel submitted a supporting memorandum on April 8, 2022. (*See generally* Def.'s MOL.)

## DISCUSSION

### I.     Legal Standard

It is well established that "[a] court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020). One such statute, often referred to as the "Compassionate Release" provision, permits a district court to "reduce the term of imprisonment" if three requirements are met. 18 U.S.C. § 3582(c)(1)(A)(i). First, when that motion is made by the defendant, he or she must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

Once the defendant has satisfied this administrative exhaustion requirement, the Court may grant a sentence reduction if it determines (1) the defendant has established "extraordinary and compelling reasons warrant such a reduction," and (2) a sentence reduction would be consistent with 18 U.S.C. § 3553(a)'s sentencing factors. *Id.*; *see also United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021); *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). A district court has broad discretion in making such a reduction and may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). The only statutory constraint is that the Court shall not consider

3

rehabilitation alone as an extraordinary and compelling reason to reduce the sentence. *See id.* at 237–38; 28 U.S.C. § 994(t).

## II. Analysis

### A. Exhaustion

The Government concedes that Luviano has exhausted his administrative remedies. Luviano submitted a request for compassionate release to the Warden of FCI Edgefield on May 12, 2021. (Def.'s MOL, Ex. E, ECF No. 60-5.) The request was denied by the Warden on August 30, 2021. (*Id.* Ex. F.) Given that 30 days have passed since that denial, Luviano has satisfied § 3582(c)(1)(A)'s exhaustion requirement.

### B. Extraordinary and Compelling Circumstances

A defendant must show "extraordinary and compelling circumstances" to warrant a reduced sentence under § 3582(c)(1)(A)(i). Luviano has not made that showing.

Sentence-reduction motions require Courts to conduct a "fact-intensive" inquiry, *United States v. Shakur*, No. 82 CR 312 (CSH), 2020 WL 1911224, at *1 (S.D.N.Y. Apr. 20, 2020), considering in the "unique circumstances" and "context" of each individual defendant. *United States v. Hart*, 17 Cr. 248 (VSB), 2020 WL 1989299, at *6 (S.D.N.Y. Apr. 27, 2020). In the context of the COVID-19 pandemic, courts in this District often consider the severity of the defendant's health conditions and the ability to manage those conditions in prison, *United States v. Zehner*, 19 Cr. 485 (AT), 2020 WL 1892188, at *2 (S.D.N.Y. Apr. 15, 2020); the proliferation and status of infections in the prison facility, *United States v. Simmons*, 15 Cr. 445 (PAE), 2020 WL 1847863, at *1 (S.D.N.Y. Apr. 13, 2020); and the proportion of the term of incarceration that has been served by the prisoner, *United States v. Haney*, 454 F. Supp. 3d 316, 324 (S.D.N.Y. 2020).

Luviano advances two bases for a reduced sentence that he contends are extraordinary and compelling: (1) his several underlying health conditions and the risk of continued incarceration during the pandemic; and (2) his adjustment to custody, including his rehabilitation.

### i. Luviano's Health Conditions During the COVID-19 Pandemic

Luviano's underlying health conditions do not establish "extraordinary and compelling reasons" that warrant reducing his sentence. While some courts have determined that COVID-19 co-morbidities may warrant a reduction in sentence, *see United States v. Rodriguez*, 492 F. Supp. 3d 306, 310 (S.D.N.Y. 2020), Luviano's health conditions do not reach that high bar. His medical records reflect that he has not contracted COVID-19 while in custody, and the BOP is regularly testing him for infection while also providing him with consistent medical treatment for his hyperlipidemia (high cholesterol), hypertension, obesity, chronic knee pain, and a benign growth in his prostate. (*See* Def's Mot. at Ex. A.) These underlying health conditions—especially given their mitigation by the BOP—do not strike the Court as extraordinary and compelling. *See United States v. Sattar*, 467 F. Supp. 3d 152, 154–55 (S.D.N.Y. 2020) (defendant's age of 60 and his medical conditions, "namely high blood pressure and cholesterol, atrial fibrillation, and a thyroid condition" failed to establish "extraordinary and compelling reasons" because each condition was being sufficiently treated by the BOP); *United States v. Serrano*, No. 18-CR-393 (LAK), 2020 WL 4340639, at *1 (S.D.N.Y. July 28, 2020) (court was "not persuaded that the combination of defendant's hypertension and age of 55 years amounts to an extraordinary and compelling circumstance warranting his release").

Critically, Luviano is vaccinated, which means a generalized risk of contracting COVID-19 does not suffice to reduce his sentence. Indeed, "the risk of COVID-19 for a vaccinated individual is substantially reduced to the point that a defendant will typically not be able to

5

demonstrate extraordinary and compelling reasons after he has been vaccinated." *United States v. Jones*, No. 17 CR 214 (CM), 2021 WL 4120622 at *2 (S.D.N.Y. Sept. 9, 2021). Nor does Luviano's age, in combination with his underlying health conditions, suffice to warrant a sentence reduction at this stage of the pandemic. *See United States v. Hidalgo*, 462 F. Supp. 3d 470, 473 (S.D.N.Y. 2020). At 61 years old, Luviano's age may place him at a higher risk of complications from COVID-19, but not such a high risk that it constitutes an extraordinary and compelling reason for early release. *Cf.* Centers for Disease Control and Prevention, *People with Certain Medical Conditions* (May 2, 2022) (identifying people 65 years and older as facing a higher-risk for severe illness from COVID-19), available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. If Luviano's "age alone were a sufficient factor to grant compassionate release in these circumstances, it follows that every federal inmate in the country above the age of 60 should be released from detention, a result that does not remotely comply with the limited scope of compassionate release. . . ." *Haney*, 454 F. Supp. at 322–23.

Finally, the COVID-19 conditions are stable at the prison where Luviano is incarcerated. As of today, there are zero inmate or staff cases of COVID-19 at FCI Edgefield, reducing Luviano's threat of exposure. *See* https://www.bop.gov/coronavirus/; *United States v. Mack*, 493 F. Supp. 3d 228, 230 (S.D.N.Y. 2020) (noting that threat of exposure to COVID-19 did not constitute an extraordinary and compelling reason because there were no reported cases among inmates at FCI Berlin). Moreover, the prison has fully vaccinated 1,538 out of 1,915 (approximately 80%) of its inmates, which reduces the risk of major future outbreaks. *See United States v. Van Manen*, No. 18-CR-30-3 (PAC), 2022 WL 842989, at *3 (S.D.N.Y. Mar. 22, 2022). While Luviano argues his underlying health conditions could increase the "risk of serious illness or death *were he to contract* COVID-19," Def's Mot. at 12 (emphasis added), speculation about

6

future conditions at FCI Edgefield do not suffice to reduce his sentence now. *See Hidalgo*, 462 F. Supp. 3d at 473–75 (finding speculation about potential future conditions at a BOP facility insufficient).

### ii. Luviano's Rehabilitation

Without some other extraordinary and compelling reason, Luviano's rehabilitation falls short of warranting a sentence reduction. He has avoided any disciplinary trouble while in custody, has taken many courses offered by the BOP, and has obtained work in different departments. *See* Def's MOL at Ex. B. This conduct, without more, does not convince the Court that Luviano's rehabilitation record is exceptional. *See United States v. Garcia*, No. 19-CR-210-1 (CS), 2022 WL 672758, at *2 (S.D.N.Y. Mar. 7, 2022) ("Maintaining good conduct in prison is not uncommon, and indeed is expected."). But even if it were, rehabilitation alone cannot qualify Luviano's for the relief he seeks. *See Brooker*, 976 F.3d at 238.

### C. § 3553(a) Factors

Because the Court has found no extraordinary and compelling reasons to reduce Luviano's sentence, "it need not address" the § 3553(a) sentencing factors. *Keitt*, 21 F.4th at 73. Nevertheless, the Court accounts for any "uncertainty surrounding public health guidance" by explaining how those factors—largely unchanged since sentencing—provide an independent basis to deny his motion. *Jones*, 17 F.4th at 374.

For one, the nature of Luviano's crimes weighs against an early release. He engaged in a sophisticated, years-long scheme to import massive amounts of drugs into the United States. To allow him to serve less than two thirds of his sentence would undermine the objective of deterring similar crimes. *See Clott*, 2022 WL 2354523 at *3 (court denied a six-year sentence reduction since it "contravene[d] the purposes of sentencing, namely, to reflect the seriousness of the

offenses, to promote respect for the law, to provide just punishment, to afford adequate deterrence to criminal conduct. . . ."); *United States v. Lisi*, 440 F. Supp. 3d 246, 253 (S.D.N.Y. 2020) (finding that reducing defendant's sentence would "neither afford adequate deterrence to criminal conduct nor promote respect for the law." (citations omitted)), *reconsideration denied*, No. 15 CR. 457 (KPF), 2020 WL 1331955 (S.D.N.Y. Mar. 23, 2020); *see also* Sent'g Tr. at 16:9–13 (imposing the sentence "in recognition of the seriousness of the crime, the need to deter if not Mr. Garcia Luviano, then others who may be similarly-situated").

Moreover, the Court's original sentence fully considered the mitigating factors that Luviano re-emphasizes now. The record that reflects his age, childhood, medical history, the needs of his family, and the risks associated with incarceration were all in consideration—and the Court imposed a below-guidelines sentence as a result. (*See* Sent'g Tr. at 14:13–16:19.) Further, the Court already heavily contributed his time in Mexican custody by adjusting his sentence downward by 24 months.[1] (*See id.* at 15:14–24); *see United States v. Denis*, No. 15 CR. 632 (JGK), 2022 WL 4088058, at *3 (S.D.N.Y. Sept. 6, 2022) (denying compassionate release where "[t]he Court took the defendant's individual circumstances into account, including the defendant's poor health and his difficult period of confinement in Colombia, in arriving at a sentence . . . ."). A further reduction in Luviano's already significantly-reduced sentence "would tend to undermine the sentencing goals" and is not warranted in these circumstances. *United States v. Goode*, No. 14 CR 810-07 (CM), 2020 WL 58272, at *7 (S.D.N.Y. Jan. 6, 2020). In sum, the application of the § 3553(a) factors likewise weigh against reducing Luviano's sentence.

---

[1] In addition to this Court's credit of 24 months, the BOP likewise credited Luviano with "Jail Time" beginning February 16, 2013—the date of his arrest in Mexico. *See* ECF No. 57, at 9. Thus, Luviano received double credit for his time in Mexican custody.

8

## CONCLUSION

Luviano's motion for a sentence reduction is **DENIED** without prejudice as to its renewal should his health, conditions at his prison facility, or any other circumstance alleged materially worsen. The Clerk of the Court is directed to close the motion at ECF number 57.

Dated: New York, New York
September 19, 2022

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge